**M. J. CARROLL CONTRACTING COMPANY v. JAMES G. SMITH and DALTON SMITH.**

35 So. (2nd) 385                                 January Term, 1948
May 7, 1948                                              Division A

H. M. Voorhis, W. H. Poe and Maguire, Voorhis & Wells, for appellant.

Walter G. Walker and Curtis Basch, for appellees.

TERRELL, J.:

Stated in epigram this case arose from the following facts: In December 1941, plaintiffs, appellees here, leased a large tract of land in Volusia County for pasture, inclosed it with a three strand wire fence and placed 700 or 800 cattle on it to graze. The defendant, appellant here, had recently entered into contract with the State Road Department to build a public highway that crossed the North side of the pasture. The highway was constructed in 1942 and 1943 and in doing

so the contractor removed plaintiffs' fence along the South boundary of the right of way. Plaintiffs contend that when the fence was removed their cattle strayed upon the highway and some were killed, while others disappeared and were totally lost to the plaintiffs.

To recover damages for the alleged negligent destruction of their fence and the loss of their cattle, plaintiffs sued defendant in an action at law. The declaration was filed August 18, 1943, and was in three counts. The first and third counts alleged wilful and malicious trespass. The second count alleged a trespass absent the element of wilfulness. Plaintiffs abandoned the third count and elected to stand on the first and second counts. A demurrer to the declaration was overruled and the case went to trial on the following pleas:

(1) Not guilty. (2) Denial that plaintiffs were in lawful possession of the close. (3) Right of plaintiffs to enter the close as agent of the State Road Department. (4) Plaintiffs had notice that defendant had a contract with the State Road Department to build a public highway through the close, but neglected to remove their fences and protect their cattle by an inclosure. The case was tried July 18, 1947, and resulted in a verdict and judgment in favor of the plaintiffs for $4,995. The defendant appealed.

It is first contended that the declaration proffers an action of trespass quare clausum fregit, otherwise described in the statute as an action of trespass to lands, but that when the trial came on defendant was confronted with the issue of negligently removing plaintiffs' fence and depasturing their cattle, when there was not a word in the declaration to import such an issue.

It is quite true that there is a distinction between trespass and case. It is also true that negligence is a different class of action from either, but the declaration, while alleging trespass and other delicts also, alleges that appellant "broke down fences, freed plaintiffs' cattle from said pasture into and upon a heavily traveled main highway, directly causing many of said cattle to be killed and destroyed on said highway, causing plaintiffs great expense in gathering, trying to gather, and finding many of said cattle straying from said pasture."

To this declaration there was attached a bill of particulars which more specifically described the cattle that were alleged to have been lost by defendant's negligence in tearing down the fence. We do not consider the declaration a paragon of pleading, but we are convinced that, if read with the bill of particulars, it was sufficient to put the defendant on notice that the gist of the action was the removal of the pasture fence and the loss of the cattle.

In this holding we do not overlook appellants contention that they were taken by surprise and that the proof did not conform to the allegations of the declaration. It is true that the declaration is ineptly drawn but it was not fatally defective. The defendant had a right to enter the close but he had no right to destroy the fence or leave it down and expose the plaintiff's cattle. His contract with the State Road Department did not give or imply any such right, neither did the fact that the country was at war relieve from the trespass. We think the declaration and the bill of particulars were ample to put defendant on notice that loss of cattle from negligently removing the pasture fence and leaving it open was the real gravamen charged. In fact there was nothing to support trespass.

The second and only other question urged has to do with the size and legality of the verdict and judgment.

Appellees contend that they lost forty-nine head of cattle as a result of appellant's carelessness in negligently removing and destroying their fence and permitting their cattle to go on the highway. It is contended that two of these cows were Brahma bulls valued at $250. each. The others were a good grade of stock cattle of the Brahma breed, worth from $50.00 to $110.00 each, the lower priced ones being calves. It is clear from the evidence that a small number of these cattle strayed on the highway and were killed but the evidence does not connect the major portion of them with the description in the bill of particulars or show any connection with their killing and the grounds alleged in the declaration. In other words, it is shown that appellees had some cattle missing but the fact that they were missing was not shown to have been due to the destroyed fence.

There is evidence to the effect that some of the plaintiffs' cattle were carried away by truck, but there is not the slightest ·suggestion that the trucks belong to defendant. For all the record discloses these cattle and those which escaped and were not found dead on the highway may still be at large. At the time the declaration was filed, these cattle had been on the range for two years or longer and it is common knowledge that range cattle do not leave the range unless they be driven away. It is also well known that young cattle and sometimes older ones, will slip through a three strand wire fence and stray off. There is evidence which shows that some of the cattle died from natural causes which would necessarily follow in a herd as large as this.

The evidence conclusively shows that a few of plaintiffs' cattle were killed on the highway as a result of defendant's negligence in removing the fence, that plaintiffs expended unnecessary sums for labor hunting cattle that escaped as a result of defendant's negligence, but in the main the evidence is vague and inconclusive and the verdict rests on conclusions from the evidence. The evidence should show that some or all the cattle enumerated in the bill of particulars were killed on the highway or escaped from the pasture as a result of defendant's negligence and to what extent the gaps left open or fences left down by defendant's servants were responsible for the escape of plaintiffs' cattle. The mere fact that plaintiffs lost some cattle is not enough to support a verdict in their favor. It must be shown that they were lost in the manner alleged in the declaration.

The judgment appealed from is reversed and a new trial awarded.

Reversed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.